## SMITH & NIXON, ET AL. *v.* LEWIS MYERS' ADMR., ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—431.]

**Protection of Innocent Purchasers as Against Stale Claims.**
> The law as against vendors and in favor of purchasers without actual notice will presume that the purchase-money has been paid, or rather will look to the laches of the vendor and not to the want of diligence on the part of those who purchased from his vendors.

**Adverse Possession.**
> No claim of title to real estate or liens thereon ought to be enforced against bona-fide purchasers without actual notice, after the lapse of more than twenty-eight years; while as between the vendor and the vendee the lien might have been enforced it is too late to ask the chancellor after the lapse of twenty-eight years to enforce it against purchasers without actual notice.

APPEAL FROM GRANT CIRCUIT COURT.

November 13, 1883.

OPINION BY JUDGE PRYOR:

The brief of learned counsel may have satisfied the court that the renewal to the donee of the note executed to the vendor for the land did not affect the lien, and in view of that question we are inclined to concur, still there are other obstacles in the way of recovery that have not been reviewed by the reasoning of counsel or by the facts contained in the record. This land was sold to Turner in the year 1846, and a bond executed by Arnold, the vendor, for title. Turner sold or exchanged the land with Lewis Myers in 1855. Myers took possession under his purchase agreeing to pay to the original vendor, Arnold, the balance of the purchase-money due Arnold on the land, amounting to four or five hundred dollars. This note was renewed by Myers from time to time and finally the vendor, Arnold, gave the note to his daughter, Mrs. Foote, a short time before this suit was instituted, and Myers renewed the note and made it payable to the donee.

In the meantime Hume, Landrum and Lingenfelter obtained title to the land by purchase from Myers. Hume and Landrum purchased more than fifteen years before this claim to enforce the lien was made. Lingenfelter purchased in 1871 under an execution, and obtained a sheriff's deed. None of these parties are in court seeking affirmative relief, but the donee of the land from Arnold is asking the aid of the chancellor to enforce her lien and the heirs and devisees of Arnold are seeking to recover a surplus of fifty acres in the tract, all of which had long since been sold by Myers except that under the execution in favor of Lingenfelter.

The land was also surveyed shortly after the sale to Myers, and when near thirty years had elapsed from the date of the sale to Turner, the heirs and devisees of Arnold, if they are properly here for the purpose of an appeal, are claiming a mistake in the survey or the right to recover as against the vendees of Myers. We will treat the case as if the revivor had been in time, so as to dispose of the question on its merits. Counsel for the appellants maintain that the vendees of Myers by an examination of the records might and could have ascertained that he had no conveyance from Arnold.

23

In the first place they had no reason to believe that he purchased from Arnold, and the fact is he purchased from Turner, who bought of Arnold, and his purchase from Turner was in the year 1855. It is true that by an examination of the title they might probably have ascertained that the legal title was in Arnold, but the facts really show that Arnold was without title to at least a part of the land when he sold to Turner. Conceding, however, that the title was all a matter of record, then we find the appellant seeking to enforce a lien by reason of a note said to be the balance due on a tract of land sold in 1846 by her father to one Turner, not against the original vendee, Turner, or against Myers, who promised to pay what Turner owed, but against purchasers who are in the possession and claiming to hold by deeds of conveyance from Myers. When considering his possession with that of Turner and these appellees in the actual occupancy of the land for twenty-eight years before this lien was attempted to be enforced, ought the chancellor to make inquiry as to the diligence of the purchasers who in good faith have parted with their money to those who have been in possession not as tenants but as owners for such a length of time? The law as against vendors and in favor of purchasers without actual notice will presume that the purchase-money has been paid, or rather under the circumstances will look to the laches of the vendor, and not to the want of diligence on the part of those who purchased from his vendees.

No such claim ought to be enforced against bona fide purchasers without actual notice after such a lapse of time, and particularly when they are made defendants and are in court satisfied with their title. This claim was asserted by action in 1874 or 1875, and if the relief had been granted when the judgment was rendered below, thirty-four years would have itnervened between the sale to Turner and the judgment, and as the record shows twenty-eight years elapsed from the sales to the institution of the action.

As to third parties the case must stand as if there had been no renewals of the notes, and while as between the vendor and the vendee the lien might have been enforced it is too late to ask the chancellor after the lapse of twenty-eight years to enforce it against purchasers without actual notice. It is not material when these purchases were made unless they purchased during the pendency of the action. The statute of limitations is relied on by the appellees

both as to the question of lien and the right to the recovery of the surplus land. It applies to both issues and the relief was properly denied.

Judgment *affirmed.*

*Collins & Fenley, for appellants.*

*Smith & Needham, for appellees.*